# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SOPHALACK NOUTHAVYKOUN,  )
                         )
          Petitioner,    )
                         )
v.                       )    Case No. CIV-26-01890-JD
                         )
FRED FIGUEROA, et al.,   )
                         )
          Respondents.   )

## ORDER

The Court has reviewed the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") filed by Sophalack Nouthavykoun ("Petitioner"). [Doc. No. 1]. Rule 2(c) of the Rules Governing 28 U.S.C. § 2254 Cases[1] ("Habeas Rules") states that a "petition must . . . specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." Here, Petitioner appears to have started with a pre-filled form containing placeholder spots or brackets where Petitioner was meant to insert relevant facts specific to Petitioner's case. *See, e.g.*, [Doc. No. 1 at 6]. Petitioner did not replace the placeholders or fill in the brackets with any factual allegations relating to this matter.

Specifically, the Petition lists a single ground for relief: "Continued civil immigration detention for more than 45 days without an individualized bond hearing

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

violates the Due Process Clause of the Fifth Amendment." *Id.* The "[s]upporting facts"

section then reads verbatim as follows, without any bracket modifications by the Court:

> I have been detained by ICE at Diamondback Correctional Facility since [date], more than 45 days. My removal case is still pending and no final removal order has been issued. I have [never received / not received a recent] individualized hearing where the government had to justify my continued detention. I am not a flight risk or danger to the community because: [list strongest facts – e.g., length of time in U.S., family who are citizens/residents, stable address and employment.

*Id.* The attachment to the Petition indicates Petitioner has been detained since May 29,

2026, but it also fails to provide factual allegations in the statement of facts and contains

brackets indicating information is missing and should be provided by Petitioner to the

Court, such as whether Petitioner has been provided a bond hearing. *See, e.g.*, [Doc. No.

1-1 at 4].

As written, the Petition fails to allege particular facts connected to a legal basis

indicating that Petitioner's current confinement is illegal or unconstitutional. 28 U.S.C.

§§ 2241(c)(3), 2242; *see also* Habeas Rule 2(c).

Consequently, the Court DISMISSES the Petition for failure to comply with Rule

2(c) of the Rules Governing 28 U.S.C. § 2254 Cases. Petitioner may file an amended

petition **on or before August 19, 2026**. If Petitioner does not file an amended petition on

or before August 19, 2026, the Court will promptly enter judgment of dismissal without

prejudice.

IT IS SO ORDERED this 5th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2