**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SOPHALACK NOUTHAVYKOUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01890-JD |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

The Court notes and confirms via the relevant public information system that Petitioner Sophalack Nouthavykoun ("Petitioner") is no longer in custody. *See* U.S. Immigr. & Customs Enf't, *Online Detainee Locator System*, https://locator.ice.gov/odls/ (last accessed Sept. 21, 2026) (returning no results on a search of Petitioner's A-number and country of birth); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . ."). This accords with Respondents' recent representation that Petitioner, who has been subject to a final order of removal since 2008, would be removed from the United States "in the very near future." [Doc. No. 10-4 at 1]; *see also* Exec. Off. for Immigr. Rev., *Automated Case Information System*, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 21, 2026) (showing an order of removal entered July 17, 2008, with no appeal pending).

In the absence of custody, there is no unlawful custody to which a writ of habeas corpus may be directed, so this action is moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

Consequently, the Court dismisses the Petition for Writ of Habeas Corpus [Doc. No. 1] as moot and without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 21st day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE